## B. F. AVERY & SON vs. D. J. STEWART.

SUPREME COURT, TYLER TERM, 1883.

*Injunction—Dissolution of—Damages in Reconvention on Injunction Bond.* Appellants sought in reconvention to recover the amount of the monied judgment enjoined and also ten per cent. damages against the appellee and his sureties on the injunction bond. The court dissolved the injunction at costs of appellee, but declined to enter judgment against the principal and sureties on the injunction bond for the amount of the judgment enjoined or the ten per cent. damages claimed. *Held*, not such error as to require a reversal.

Appeal from Parker County.

*Jasper N. Haney* for appellants.

J. N. *Roach* for appellee.

Opinion by West, J.

The changes made by the adoption of the revised statutes, in the different acts that were previously in force, on the subject of injunctions, was considered by the court in the case of the Tex. & N. O. R. R. Co. vs. White, 57 Tex. 130. It was there held, that since the enactment of the revised statutes, the judgments or decrees, that under the former laws could be rendered against the principal and sureties on the injunction bond, for the amount of the judgment enjoined, on a mere motion to dissolve the injunction, could not under the present law be entered where the injunction was dissolved on motion alone.

The reason assigned is, that such judgments were not rendered by the district courts, in the exercise of the general equity powers possessed by such courts, sitting as courts of chancery, but solely, by virtue of the statutory power conferred by the provisions of the 155th section of the act of 13th May 1846. Hart. Dig. Arts. 1602 and 160. 1 Vol. Pas. Dig. Art. 3936.

That section being in part repealed by the revised statutes, the power that the district court formerly had by virtue of the repealed portion of that act to render such decree on dissolving the injunction, was taken away.

In the same case, it was held that under the statutory regulations now in force concerning injunctions, (Rev. Stat. p. 415,) the party seeking to enforce the payment of damages to the amount

of the bond could bring an original action on the bond, or could in the pending suit attain the same object by pleading over in reconvention, and setting forth in appropriate terms the facts on which his claim for such judgment was based.

In that case (57 Tex. 130)there were no pleadings in reconvention, asking for judgment against the parties to the injunction bond.

In the present case before us there were pleadings, under which the appellants sought in reconvention to recover the amount of the monied judgment enjoined and also ten per cent. damages against the appellee and his sureties on the injunction bond. These matters were all submitted to the court without a jury on the final trial of the case.

Under the evidence the court dissolved the injunction at the costs of appellee, but declined to enter any judgment against the principal and sureties on the injunction bond for the amount of the judgment that was enjoined, or the ten per cent. damages that were claimed.

The refusal of the court to render such judgment is the material error complained of.

The case has been carefully examined and considered, and upon the whole, we are not prepared to say, that there was such error in the conclusions, arrived at by the court, as to require a reversal of the judgment.

On the contrary, the conclusions reached appear to be not unwarranted by the evidence, and the judgment is affirmed.